## THE ORDINARY v. JOHN B. COOLEY ET AL.

1. A bond, by an executor or administrator, to the Ordinary of the state, which varies from the form prescribed by the statute, if voluntarily given, and not made void by statute, is good.
2. When, by the condition of such bond, the executor or administrator is required to render a just and true account concerning the sale, an assignment of a breach of such condition, that he had not rendered a just and true account of his administration of the moneys arising from the sale, is bad on demurrer.

---

In debt on administration bond.   Demurrer to declaration.

For the plaintiff, *A. G. Richey* and *A. Wurts*.

For the defendants, *G. A. Allen* and *M. Beasley*.

The opinion of the court was delivered by the

CHIEF JUSTICE.   The condition of the bond declared on is, that whereas John B. Cooley, administrator of the estate of Samuel Cooley, deceased, by an order of the Orphans Court of the county of Hunterdon, held on the 16th day of

November last, was directed to sell the real estate of the said Samuel Cooley, deceased; if the said John B. Cooley shall comply with the said order agreeably to law concerning the same, and shall render a just and true account concerning the same, then the obligation to be void, otherwise to remain in full force and virtue.

The breach assigned is, that Cooley, on the 3d day of February, 1858, did sell the real estate, and received therefor $1790.10, yet that he hath not complied with the order according to law, and that he did not well and truly administer the moneys, which arose from the sales of the land by virtue of said order, and that he did not and hath not rendered a just and true account concerning the same of his said administration, within the time required by law; and the surplus money which was found remaining upon the account of the said John B. Cooley, administrator as aforesaid, (the same having been first allowed by the Prerogative Court of the state of New Jersey) he did not and hath not distributed and paid, unto such persons as were and are by law entitled to receive the same, but hath, &c.

To this declaration there is a general demurrer.

It is insisted that the bond is void, because it does not conform to the statute (*Nix. Dig.* 765, § 22,*) which requires the condition of the bond to be in form following: The condition of this obligation is such, that if the above bound A. B. (executor, &c., administrator, &c.,) shall well and truly administer the moneys arising from the sale of any lands, tenements, or real estate of the said C. D., directed by the order of the Orphans Court of the county of M. to be sold according to law; and further, do make, or cause to be made, a just and true account of his administration within twelve months from the date of the above obligation, and the surplus of money which shall be found remaining upon the account of such sale or sales (the same being first examined and allowed of by the judges of the Orphans Court of the county, or other competent authority,) shall distribute and

*Rev., p. 768, § 75.

pay unto such person or persons, respectively, as is, are, or shall be by law entitled to receive the same, then, &c.

It is certainly true that the bond altogether varies from the form prescribed; nevertheless it appears, by the record, to have been voluntarily given, and is not made void by statute. Such bonds have been uniformly held good in this court when they require nothing more than the law requires. *Woolwich* v. *Forrest, Penn.* 115; *The Mayor, &c., of Hoboken* v. *Harrison and others, ante* 73.

The remaining question is, whether there is a good assignment of breaches.

It was urged that there was but one assignment of breaches, to wit, that he had not complied with the order of the Orphans Court, according to law; that what appear to be two breaches are but in fact specifications under this one.

I do not so regard them. What immediately follows is doubtless a specification under the last sentence of noncompliance with the order. The other is an independent breach. The first is no breach of the condition requiring the administrator to comply with the order of the court agreeably to law; that does not require him well and truly to administer, &c., the moneys received from the sale. The declaration states expressly that he did sell. That is a full compliance with the order to sell agreeably to law; nothing but that is required by the first branch of the condition.

The second branch of the condition requires the administrator to render a just and true account concerning the same. Concerning the same means undoubtedly concerning the sale. He is to render before the proper tribunal a just and true account concerning the sale. When that account is to be rendered, does not appear by the condition. The law requires such an account to be rendered at the next term after sale.

There is no breach assigned of the condition to render a just and true account concerning the same.

The one assigned is, that he did not render a just and true account concerning the same of his administration. He

agreed to render an account concerning the sale.    The complaint is, that he did not render a true account of his administration of the moneys arising from the sale.

An assignment that he had not rendered a just and true account concerning the sale within the time required by law would have been good.    But the pleader was not content with that; he coupled to the account required by the condition one not required by it, and so vitiated his whole breach.    An assignment charging that he did not do what the bond did not require Is manifestly bad.

This is an action to charge sureties, and not the administrator only, and is upon a bond entirely variant from the form prescribed, which has been held to be good only because it was voluntary.    We have no right, under such circumstances, to say that the parties meant a bond with the statutory condition; the presumption is directly the other way.

To extend such a condition by a violent construction would not only be illegal, but grossly unjust.

The bond is to have just such a construction, and none other, as if the statute had prescribed no form, and the parties had invented their own security.    That is precisely what they have done.

Judgment for the defendants.